Thomas A. Gerber, OSB No. 741133
Email:  tom.gerber@tnslaw.net
Brent G. Summers, OSB No. 824060
Email:  brent.summers@tnslaw.net
150 SW Harrison Street, Suite 200
Portland OR 97201
Phone:  503.968.9000
Fax:  503.968.9002

Of Attorneys for Thomas A. Huntsberger,
Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 12-63884-tmr7 |
| Berjac of Oregon, | Adv. Proc. No. _____ |
| Debtor. | COMPLAINT |
| _____ | (Avoidance and Recovery of Preferential Transfers - 11 USC §547) |
| Thomas A. Huntsberger, Trustee of the Chapter 7 Bankruptcy Estate of Berjac of Oregon, | |
| Plaintiff, | |
| v. | |
| EDGAR C. BROWN and MARY ANN BROWN, individually; STEVEN COCHRAN and ROSAMOND COCHRAN, individually; C & D RADIATOR SERVICE, a sole proprietorship; E. G. GARDNER CO., an Oregon corporation; DAVID FOUNTAIN and JESSIE FOUNTAIN, individually; THEODORE AND LORETTA GLASS JOINT TRUST, acting by and through Loretta Glass, Trustee or successor trustee; VICKI RAE GLASS, individually; ROLAND E. GLASS, individually; GLASS TREE CARE & SPRAY SERVICE, INC., an Oregon corporation; RONALD HARRIS TRUST, acting by and through Ronald Harris, Trustee or successor trustee; TIM HUTCHINSON, individually; KENNETH JOHNSON, individually; MICHAEL A. JOHNSON, individually; MICHAEL | |

**Page 1 of 13 – COMPLAINT (Avoidance and Recovery of Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

KAROTKO, individually; LON                )
KELLSTROM, individually; SANDRA           )
O'MALLEY, individually; ELIZABETH         )
PORTER, individually; FREDRICK            )
SIEGRIST and BETTY JO SIEGRIST,           )
individually; ROBERT E. SOGGE and         )
MARY KATHLEEN SOGGE, individually;        )
SOGGE JOINT TRUST, acting by and          )
through Robert E. Sogge and Mary Kathleen )
Sogge, Trustees or successor trustee,     )
                                          )
                          Defendants.     )
                                          )
_____  )

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    This court has jurisdiction over this proceeding pursuant to 28 USC §§ 157(b)(1)

and 1334(a), as this is a core proceeding under 28 USC § 157(b)(2)(A).  Venue properly lies

in this judicial district pursuant to 28 USC § 1409(a) because this is a civil proceeding

arising in and/or related to the Chapter 7 (formerly Chapter 11) case currently pending in the

Eugene Division of the United States Bankruptcy Court for the District of Oregon.

2.    This adversary proceeding arises in the case of *Berjac of Oregon,* U. S.

Bankruptcy Court Case No. 12-63884-tmr7, under Chapter 7 of Title 11.  Debtor filed a

voluntary petition under Chapter 11 of the Bankruptcy Code on August 31, 2012 and the

case was converted to one under Chapter 7 on October 2, 2013.

## PARTIES

3.    Plaintiff, Thomas A. Huntsberger (the "Plaintiff"), is the duly qualified and

appointed Chapter 7 Trustee in the above-captioned bankruptcy estate.

4.    Defendants Edgar C. Brown and Mary Ann Brown ("Defendants Brown") are

individuals.  At all relevant times, Defendants Brown were individuals for whose benefit

certain of the recoverable transfers alleged in this Complaint were made, and/or an

immediate or mediate transferee of such recoverable transfers.

**Page 2 of 13 – COMPLAINT (Avoidance and Recovery of
Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

5.    Defendants Steven Cochran and Rosamond ("Defendants Cochran") are individuals.  At all relevant times, Defendants Cochran were individuals for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

6.    Defendant C & D Radiator Service ("Defendant C & D Radiator") is a sole proprietorship formed under the laws of the State of Oregon, and is authorized to conduct business and is doing business in the State of Oregon.  At all relevant times, Defendant C & D Radiator was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfer.

7.    Defendant E. G. Gardner Co. ("Defendant E. G. Gardner") is a corporation incorporated under the laws of the State of Oregon.  At all relevant times, Defendant E. G. Gardner was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfer.

8.    Defendants David Fountain and Jessie Fountain ("Defendants Fountain") are individuals.  At all relevant times, Defendants Fountain were individuals for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

9.    Defendant Theodore and Loretta Glass Trust ("Defendant Glass Trust") is a trust. Loretta Glass, or the successor trustee as yet unknown, is the trustee of the Defendant Glass Trust.  At all relevant times, Defendant Glass Trust was a trust for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

10. Defendant Vicki Rae Glass ("Defendant Vicki Glass") is an individual.  At all

**Page 3 of 13 – COMPLAINT (Avoidance and Recovery of Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

relevant times, Defendant Vicki Glass was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

11. Defendants Ronald E. Glass and Matthew Glass ("Defendants R & M Glass") are individuals. At all relevant times, Defendant R & M Glass were individuals for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

12. Defendant Glass Tree Care & Spray Service, Inc. ("Defendant Glass Tree"), was an Oregon corporation. At all relevant times, Defendant Glass Tree was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfer.

13. Defendant Ronald Harris Trust ("Defendant Harris Trust") is a trust. Ronald Harris or the successor trustee as yet unknown, is the trustee of the Defendant Harris Trust. At all relevant times, Defendant Harris Trust was a trust for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

14. Defendant Tim Hutchinson ("Defendant Hutchinson") is an individual. At all relevant times, Defendant Hutchinson was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

15. Defendant Kenneth Johnson ("Defendant K. Johnson") is an individual. At all relevant times, Defendant K. Johnson was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

16. Defendant Michael A. Johnson ("Defendant M. Johnson") is an individual. At

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

all relevant times, Defendant M. Johnson was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

17. Defendant Michael Karotko ("Defendant Karotko") is an individual. At all relevant times, Defendant Karotko was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

18. Defendant Lon Kellstrom ("Defendant Kellstrom") is an individual. At all relevant times, Defendant Kellstrom was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

19. Defendant Sandra O'Malley ("Defendant O'Malley") is an individual. At all relevant times, Defendant O'Malley was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

20. Defendant Elizabeth Porter ("Defendant Porter") is an individual. At all relevant times, Defendant Porter was an individual for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

21. Defendants Fred Siegrist and Betty Jo Siegrist ("Defendants Siegrist") are individuals. At all relevant times, Defendants Siegrist were individuals for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or an immediate or mediate transferee of such recoverable transfers.

22. Defendants Robert E. Sogge and Mary Kathleen Sogge ("Defendants Sogge"), are individuals. Defendant Sogge Joint Trust ("Defendant Sogge Trust"), is a trust.

**Page 5 of 13 – COMPLAINT (Avoidance and Recovery of Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.2301 003 llv complaint-multiple defs*
*v.2.doc\Thomas A/8/11/2014-1*

Defendants Sogge may be the trustees of Defendant Sogge Trust, or the successor trustee as yet unknown.  Robert Sogge and Mary Kathleen Sogge, Trustees, or the successor trustee as yet unknown.  At all relevant times, Defendants Sogge and/or Defendant Sogge Trust were transferees for whose benefit certain of the recoverable transfers alleged in this Complaint were made, and/or immediate or mediate transferees of such recoverable transfers.

23. Defendants set forth in paragraphs 4 through and including 22 are referred to collectively as the "Defendants."

## ALLEGATIONS COMMON TO ALL CLAIMS

24. Plaintiff is informed and believes, and on that basis alleges, that the Debtor made transfers of property to the Defendants on or within ninety (90) days prior to the Petition Date, that is, from June 2, 2012 through and including August 30, 2012, in the form of payments to or for the benefit of Defendants, including, but not limited to, the specific transfers described in paragraphs 30 through and including 48 below (the "Pre-Petition Transfers").

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers Pursuant to 11 USC § 547(b))

25. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. The Pre-Petition Transfers were transfers of monies by the Debtor, and thus constitute transfers of interests of the Debtor's property.

27. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made for or on account of antecedent debts owed by the Debtor to the Defendants.

28. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers were made while the Debtor was insolvent.  Moreover, pursuant to 11 USC

**Page 6 of 13 – COMPLAINT (Avoidance and Recovery of Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

§ 547(f), the Debtor is presumed to have been insolvent at the time of each of the Pre-Petition Transfers.

29. Plaintiff is informed and believes, and on that basis alleges, that the Pre-Petition Transfers, if validated, would enable the Defendants to receive more than the Defendants would have received had the transfers not been made and had the Defendants received distribution from the estate pursuant to the Bankruptcy Code.

30. As to Defendants Brown, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 06/04/2012 | 4353 | Edgar & Mary Ann Brown | $2,500.00 | |
| 07/02/2012 | 4445 | Edgar & Mary Ann Brown | 2,500.00 | |
| 08/01/2012 | 4530 | Edgar & Mary Ann Brown | 2,500.00 | |
| 08/23/2012 | 4606 | Edgar & Mary Ann Brown | 2,000.00 | **$9,500.00** |

31. As to Defendants Cochran, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 06/22/2012 | 4428 | Steve Cochran | $11,000.00 | **$11,000.00** |

32. As to Defendant C & D Radiator, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 07/17/2012 | 4480 | Clark Hollis / C&D Radiator Service | $9,000.00 | **$9,000.00** |

33. As to Defendant E. G. Gardner, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 08/06/2012 | 4561 | E. G. Gardner Co. | $15,000.00 | **$15,000.00** |

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

34. As to Defendants Fountain, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| 07/02/2012 | 4434 | David & Jessie Fountain | $10,000.00 | **$10,000.00** |
|---|---|---|---|---|

35. As to Defendant Loretta Glass, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| 06/04/2012 | 4357 | Theodore & Loretta Glass Trust | $1,000.00 | |
| 07/05/2012 | 4450 | Theodore & Loretta Glass Trust | 1,000.00 | |
| 08/02/2012 | 4534 | Theodore & Loretta Glass Trust | 1,000.00 | |
| 06/04/2012 | 4358 | Peggy Roga | 1,500.00 | |
| 07/03/2012 | 4449 | Peggy Roga | 1,500.00 | |
| 08/02/2012 | 4535 | Peggy Roga | 1,500.00 | **$7,500.00** |

36. As to Defendant Vicki Glass, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| 06/12/2012 | 4399 | Vicki Rae Glass | $3,000.00 | |
| 07/17/2012 | 4489 | Vicki Rae Glass | 2,000.00 | |
| 08/21/2012 | 4593 | Vicki Rae Glass | 2,000.00 | **$7,000.00** |

37. As to Defendants R & M Glass, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| 07/07/2012 | 90 | Roland E. Glass / Matthew Glass | $21,000.00 | |
| 07/24/2012 | 503 | Roland E. Glass / Matthew Glass | 20,000.00 | **$41,000.00** |

**Page 8 of 13 – COMPLAINT (Avoidance and Recovery of Preferential Transfer - 11 USC §547)**

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000  Fax: 503.968.9002
*11000.2301 003 llv complaint-multiple defs v.2.doc\Thomas A/8/11/2014-1*

38. As to Defendant Glass Tree, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 06/29/2012 | 4435 | Glass Tree Care & Spray Service | $15,000.00 | |
| 08/01/2012 | 4528 | Glass Tree Care & Spray Service | <u>14,000.00</u> | **$29,000.00** |

39. As to Defendant Harris, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 08/16/2012 | 4578 | Ronald Harris Trust | <u>$10,000.00</u> | **$10,000.00** |

40. As to Defendant Hutchinson, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | |
|---|---|---|---|
| 06/06/2012 | Tim A. Hutchinson | <u>$30,000.00</u> | **$30,000.00** |

41. As to Defendant K. Johnson, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 06/12/2012 | 4386 | Ken Johnson | $65,000.00 | |
| 08/10/2012 | 4547 | Ken Johnson | 10,000.00 | |
| 08/17/2012 | 4575 | Ken Johnson | <u>15,000.00</u> | **$90,000.00** |

42. As to Defendant M. Johnson, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 08/15/2012 | 4562 | Michael Johnson | <u>$50,000.00</u> | **$50,000.00** |

43. As to Defendant Karotko, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph: 503.968.9000 Fax: 503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

| | | | | |
|---|---|---|---|---|
| 07/13/2012 | 4484 | Mike Karotko | $60,000.00 | |
| 07/27/2012 | 4519 | Mike Karotko | 35,000.00 | |
| 08/13/2012 | 4574 | Mike Karotko | 34,000.00 | |
| 08/20/2012 | 4598 | Mike Karotko | <u>60,000.00</u> | **$189,000.00** |

44. As to Defendant Kellstrom, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 07/11/2012 | 4470 | Lon Kellstrom | $5,000.00 | |
| 08/10/2012 | 4559 | Lon Kellstrom | <u>5,000.00</u> | **$10,000.00** |

45. As to Defendant O'Malley, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 08/02/2012 | 4549 | Sandy O'Malley | <u>$10,506.11</u> | **$10,506.11** |

46. As to Defendant Porter, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 08/14/2012 | 4191 | Elizabeth Porter | <u>$6,000.00</u> | **$6,000.00** |

47. As to Defendants Siegrist, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 07/02/2012 | 4461 | Fredrick & Betty Jo Siegrist | <u>$20,000.00</u> | **$20,000.00** |

48. As to Defendants Sogge and/or Defendant Sogge Trust, the following table shows each transfer made within ninety(90) days prior to the petition date and all credits, if any, for the subsequent new value defense under 11 USC § 547(c)(4):

| | | | | |
|---|---|---|---|---|
| 06/08/2012 | 4359 | Robert & Kay Sogge | $2,000.00 | |
| 07/05/2012 | 4451 | Robert & Kay Sogge | 2,000.00 | |
| 08/15/2012 | 4536 | Robert & Kay Sogge | <u>2,000.00</u> | **$6,000.00** |

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

49. Interest on the Pre-Petition Transfers has accrued and continues to accrue from the date each of the Pre-Petition Transfers were made at the legal rate of interest until paid.

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 USC § 550)

50. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49 as though fully set forth herein.

51. As alleged above, Plaintiff is entitled to avoid the Pre-Petition Transfers under 11 USC § 547(b).  Credits for the new value defense have been allowed.  As the Defendants are the initial transferees of the Pre-Petition Transfers, or the individuals or entity for whose benefit the Pre-Petition Transfers were made, or are the immediate or mediate transferees of the initial transferee receiving such Pre-Petition Transfers, or any of them, Plaintiff is entitled to recover for the estate the proceeds or value of the Pre-Petition Transfers under 11 USC § 550.

WHEREFORE, Plaintiff seeks judgment against Defendants as follows:

A.  **On Plaintiff's First Claim for Relief**:  For judgment that the Pre-Petition Transfers are avoidable as preferential transfers under 11 USC § 547(b).

B.  **On Plaintiff's Second Claim for Relief**:  For judgment that the estate is entitled to recover the Pre-Petition Transfers or the value thereof under 11 USC § 550.

C.  **On Plaintiff's First and Second Claims for Relief**:

1.  Awarding judgment to Plaintiff in the net amount of the Pre-Petition Transfers after the credit for the new value defense as to each Defendant as follows:

a.  As to Defendant Brown the principal amount of $9,500.00;

b.  As to Defendants Cochran the principal amount of $11,000.00;

c.  As to Defendant C & D Radiator the principal amount of $9,000.00;

d.  As to Defendant E. G. Gardner the principal amount of $15,000.00;

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

e.  As to Defendant Fountain the principal amount of $10,000.00;

f.  As to Defendant Glass Trust the principal amount of $7,500.00;

g.  As to Defendant Vicki Glass the principal amount of $7,000.00;

h.  As to Defendants R & M Glass the principal amount of $41,000.00;

i.  As to Defendant Glass Tree the principal amount of $29,000.00;

j.  As to Defendant Harris Trust the principal amount of $10,000.00;

k.  As to Defendant Hutchinson the principal amount of $30,000.00;

l.  As to Defendant K. Johnson the principal amount of $90,000.00;

m.  As to Defendant M. Johnson the principal amount of $50,000.00;

n.  As to Defendant Karotko the principal amount of $189,000.00;

o.  As to Defendant Kellstrom the principal amount of $10,000.00;

p.  As to Defendant O'Malley the principal amount of $10,506.11;

q.  As to Defendant Porter the principal amount of $6,000.00;

r.  As to Defendant Siegrist the principal amount of $20,000.00; and

s.  As to Defendants Sogge and/or Defendant Sogge Trust the principal
amount of $6,000.00.

2.  Pre-judgment interest on the principal amount of each Pre-Petition Transfer
set forth in paragraphs 1a through and including 1s as to each Defendant at the legal rate of
interest as permitted by law from the date of each transfer through the date judgment is
entered; plus

3.  Plaintiff's costs and disbursements incurred herein as to each Defendant; plus

4.  Post-judgment interest on the principal amount of the Pre-Petition Transfers
awarded as to each Defendant at the legal rate of interest permitted by law from the date
judgment is entered until paid in full; and

/////

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs
v.2.doc\Thomas A/8/11/2014-1*

     5.   For such other and further relief as the Court deems just and proper.

Dated this 11th day of August, 2014.

                     TARLOW NAITO & SUMMERS, LLP

                     s/Brent G. Summers
                     Brent G. Summers, OSB No. 824060
                     Of Attorneys for Trustee

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*11000.2301 003 llv complaint-multiple defs*
*v.2.doc\Thomas A/8/11/2014-1*